Andrew Gerber
Kathleen Mallon
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Sara M. Lyons*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARA M. LYONS, | Case No. 21-cv-03785 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| AMAZON.COM, INC. and DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Sara M. Lyons ("Plaintiff"), by and through her attorneys Kushnirsky Gerber PLLC, for her complaint against Amazon.com, Inc. ("Amazon") and Does 1-10 (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff Sara M. Lyons is an independent artist and designer based in Anaheim, California. Ms. Lyons sells original enamel pins, embroidered patches, and other products, all featuring her original designs. Ms. Lyons sells her products direct to consumers through her website, located at www.saramlyons.myshopify.com, and through authorized third-party retailers.

2.      One of Ms. Lyons's most iconic designs is the original two-dimensional artwork, entitled *Whatever Forever* (the "Original Design"), shown below.



3.      Defendant Amazon is one of the largest e-commerce retailers in the world. Amazon advertises and sells a wide variety of products on its e-commerce website, located at www.amazon.com (the "Amazon Website"), and via its branded mobile application. Products on the Amazon Website that are identified as "ships from and sold by Amazon.com" are offered for sale, packaged, and shipped directly by Amazon from its warehouses.

4.      Without obtaining or seeking any permission from Ms. Lyons, Defendants created, sold, manufactured, caused to be manufactured, and/or distributed products featuring a design that is substantially similar to the Original Design (the "Infringing Design"), shown below.



5.      Defendants created the Infringing Design by directly tracing the hand on the right of the Original Design to create the hand on the right of the Infringing Design. Defendants then mirror-imaged the hand to create the hand on the left of the Infringing Design. An overlay of the Original Design and Infringing Design, shown below, demonstrates that the two designs are virtually identical.



6.      Amazon sold and distributed t-shirts featuring the Infringing Design directly to consumers (the "Infringing Product"), shown below.



7.      Ms. Lyons sent Amazon notice of her copyright claims in the Original Design in April 2020. Despite initially removing the listing in or around April or May 2020, in or around January 2021 Amazon restored the listing for the Infringing Product on the Amazon Website. Amazon has continued to advertise and sell the Infringing Product.

8.      Ms. Lyons asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. (the "Copyright Act") and distribution of infringing goods

with copyright management information removed in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (the "DMCA").  She seeks monetary damages, injunctive relief, costs, and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

9.   This is an action for copyright infringement under the Copyright Act and distribution of infringing goods with copyright management information removed in violation of the DMCA, 17 U.S.C. § 1202(b). The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.   Plaintiff Sara M. Lyons is an individual residing in Anaheim, California. Ms. Lyons owns the copyright for the Original Design and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint. A copy of the copyright registration certificate for the Original Design is attached as Exhibit A. Ms. Lyons operates an e-commerce website, located at www.saramlyons.myshopify.com, through which she regularly sells products directly to consumers in this District.

11.   Defendant Amazon is a publicly traded corporation organized under the laws of the State of Delaware with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109. Amazon has numerous offices, fulfillment centers, warehouses, and other locations in this District.  Amazon does systematic business in New York and in this District; and routinely sells and ships goods to consumers here. Amazon has also committed acts outside of New York that caused injury to Ms. Lyons within New York and this District; regularly does or solicits business in New York and this District; derives substantial revenue from goods sold or services rendered in New York and this District; expects or reasonably should expect its infringing conduct

4

to have consequences in New York and this District; and derives substantial revenue from interstate commerce.

12.     Defendants Does 1-10 are manufacturers, retailers and/or suppliers who sold the Infringing Products whose identities are unknown to Plaintiff at this time. Plaintiff believes that information obtained in discovery will lead to the identification and locations of Does 1-10 and permit Plaintiff to amend this Complaint to state the same.

13.     The Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4 and N.Y. C.P.L.R. §§ 301 and 302(a).

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Amazon does substantial business in this district, has a substantial number of employees and locations in this District, and is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

A.      **Plaintiff's Original Design**

15.     Ms. Lyons is a popular independent artist and designer who makes a living selling her original designs in the form of enamel pins, embroidered patches, and other products. Known for irreverent interpretations of symbols of contemporary culture, Ms. Lyons has a large and devoted base of fans and consumers.

16.     Ms. Lyons sells a variety of products featuring her original designs direct to consumers through her e-commerce website and online storefront, located at www.saramlyons.myshopify.com, and through various authorized third-party websites and retailers.

17.     Ms. Lyons created the Original Design in 2013.

18.     Since creating the Original Design, Ms. Lyons has used it as the underlying art for various products she sells directly and through authorized licensees. A few examples of original and licensed products featuring the Original Design are shown below.



19.     Ms. Lyons holds federal copyright registration No. VA0001952541 for the Original Design. The corresponding copyright registration certificate is attached as Exhibit A.

20.     Numerous forms of copyright management information, namely Ms. Lyons's signature, name, logo, website address, social media handle, and copyright notice featuring the "©" copyright symbol are included on authorized copies of the Original Design and their packaging, as shown below. This information, which is created and placed on authorized copies of the Original Design and their packaging via a digital and technological process involving computer and printing machinery, serves to identify Ms. Lyons as the author and copyright owner of the Original Design.



  

Plaintiff further conveys such copyright management information in connection with the Original Design on her website, social media accounts, and third-party websites.

**B.    Defendants' Infringements and Unlawful Conduct**

21.    Defendant Amazon is one of the largest e-commerce retailers in the world. In 2020, Amazon reported over $386 billion in annual revenue. Amazon advertises and sells a wide variety of products on the Amazon Website and via its branded mobile application. Products on the Amazon Website that are identified as "ships from and sold by Amazon.com" are offered for sale, packaged, and shipped directly by Amazon from its warehouses.

22.    In or around June 2019, Ms. Lyons discovered that Amazon was offering a t-shirt (the "Infringing Product") featuring the Infringing Design. The Amazon Website lists the

Infringing Product under the style name, "Whatever Forever Funny 90s Hand Gesture Who Cares Tee." Amazon's listing for the Infringing Product is shown as <u>Exhibit B</u>.

23.     The Amazon Website listing states that the Infringing Product "ships from and sold by Amazon.com," indicating that Amazon is selling the Infringing Product directly.

24.     A comparison of the Original Design, the Infringing Design, and the Infringing Product is shown as <u>Exhibit C</u>.

25.     In April 2020, Ms. Lyons sent Amazon a cease-and-desist letter, demanding that Amazon immediately stop selling and displaying the Infringing Product and provide information regarding the Infringing Product's sales, distribution, and suppliers.

26.     Amazon did not substantively respond to Ms. Lyons's claims. Instead, Amazon merely removed the listing for the Infringing Product from the Amazon Website. Amazon did not respond to Ms. Lyons's demand for information regarding the Infringing Product's sales, distribution, and suppliers, nor did it otherwise engage in settlement negotiations.

27.     In or around January 2021, Amazon restored the listing for the Infringing Product on the Amazon Website, and has continued to advertise and sell the Infringing Product to consumers.

28.     Amazon has continued to flagrantly advertise and sell the Infringing Product to consumers after receiving notice of Ms. Lyons's copyright claims in the Original Design.

29.     Defendants' infringement of the Original Design has been flagrant and willful. Defendants never attempted to contact Ms. Lyons to inquire about properly licensing her work. Instead, Defendants simply copied it, without Ms. Lyons's permission, and without including Ms. Lyons's signature, name, logo, website address, social media handle, or copyright notice featuring the "©" copyright symbol, information Ms. Lyons places on authorized copies of the Original

8

Design and their packaging. Moreover, despite having formal notice of Ms. Lyons's claim of authorship in the Original Design, Amazon has continued selling the Infringing Product with the copyright management information removed.

30.     Ms. Lyons has been significantly damaged by Amazon's unlawful uses of the Original Design and has been forced to file this Action in order to protect her rights.

31.     Ms. Lyons seeks actual damages, disgorged profits, statutory damages, injunctive relief, and other relief as the Court deems just and proper.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**

32.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 above and incorporates them herein by this reference.

33.     Plaintiff is the legal owner of all right, title, and interest in the Original Design. Plaintiff is the legal owner of the copyright in that work.

34.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Design without the consent, permission, or authority of Plaintiff.

35.     Defendants have infringed the copyright in the Original Design by placing a substantially similar design onto the Infringing Product, which was created, distributed, and/or displayed without Plaintiff's authorization.

36.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

37.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

38.     As a result of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer damages in the United States and around the world in an amount yet to be determined.

39.     Plaintiff is entitled to her actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C § 504.

40.     Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504.

41.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court.

42.     Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Infringing Product or any other products which bear substantially similar copies of Plaintiff's copyrighted Original Design.

43.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## DISTRIBUTION OF INFRINGING GOODS WITH COPYRIGHT MANAGEMENT INFORMATION REMOVED - 17 U.S.C. § 1202(b)

44.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 above, and incorporates them herein by this reference.

45.     The Original Design includes conspicuous copyright management information, which is conveyed in connection with the Original Design as well as authorized products featuring the Original Design and their packaging and protected under 17 U.S.C. § 1202(b).

46.     Plaintiff further conveys such copyright management information in connection with images of the Original Design that appear on her website, her social media accounts, and third-party websites.

47.    Defendants knowingly distributed the Infringing Product which features a copy of the Original Design that is missing the copyright management information placed on authorized copies of the Original Design and its packaging.

48.    Defendants were on notice that they were selling infringing goods with copyright management information removed and continued to do so even after receiving such notice.

49.    Upon information and belief, Defendants knowingly sourced, sold, and distributed the Infringing Product, which features a copy of the Original Design that is missing the copyright management information placed on authorized copies of the Original Design and its packaging.

50.    Upon information and belief, Defendants knowingly sold infringing products featuring copies of the Original Designs from which copyright management information had been intentionally removed.

51.    Defendants knowingly distributed and imported for distribution unauthorized copies of the Original Designs from which copyright management information had been intentionally removed.

52.    Defendants distributed the Infringing Products with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 et seq.

53.    Defendants engaged in these activities without the consent or authorization of Plaintiff.

54.    Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Product, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

1.      Awarding Plaintiff her actual damages in connection with Defendants' copyright infringement;

2.      Awarding Plaintiff all of Defendants' disgorged worldwide profits from sales of the Infringing Product;

3.      Awarding Plaintiff statutory damages under the Copyright Act, 17 U.S.C. § 504(c), as well as attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505;

4.      Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of the Infringing Product under 17 U.S.C. § 1203, and awarding Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

5.      Granting an injunction that permanently restrains and enjoins Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Design or any elements thereof;

6.      Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

7.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:     New York, New York                 Respectfully Submitted,
           April 28, 2021

                                              KUSHNIRSKY GERBER PLLC


                                              By: _____
                                              Andrew Gerber
                                              andrew@kgfirm.com
                                              Kathleen Mallon
                                              kathleen@kgfirm.com

                                              27 Union Square West, Suite 301
                                              New York, NY 10003
                                              (212) 882-1320

                                              *Attorneys for Plaintiff Sara M. Lyons*

# **<u>EXHIBIT A</u>**

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-952-541

**Effective Date of Registration:**
March 18, 2015

---

### Title

**Title of Work:**  Whatever Forever

---

### Completion/Publication

**Year of Completion:**  2013
**Date of 1st Publication:**  February 11, 2013
**Nation of 1st Publication:**  United States

---

### Author

- **Author:**  SARA LYONS
  **Author Created:**  2-D artwork
  **Citizen of:**  United States
  **Domiciled in:**  United States
  **Year Born:**  1985

---

### Copyright Claimant

**Copyright Claimant:**  SARA LYONS
543 West Hampshire Ave., Apt. 1, Anaheim, CA, 92805, United States

---

### Rights and Permissions

**Name:**  Tristram Buckley
**Email:**  tristram_buckley@yahoo.com
**Telephone:**  (310)980-1842
**Address:**  426 S. Rexford Drive
Suite 12
Beverly Hills, CA 90212

---

### Certification

**Name:**  Tristram Buckley
**Date:**  March 18, 2015

Page 1 of 2

# **<u>EXHIBIT B</u>**



# EXHIBIT C

| Original Design | Infringing Design |
|---|---|



| Infringing Product |
|---|